## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 6:16-cr-119-ORL-37GJK |
| | ) | |
| RICKY DELANO SHEPPARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW THE DEFENDANT, Ricky Delano Sheppard, by and through the undersigned attorney, and hereby submits this sentencing memorandum and request for a reasonable sentence. In this memorandum, Mr. Sheppard submits the following objections to his Presentence Report and arguments in support of a reasonable sentence.

I.

## PROCEDURAL POSTURE

On August 9, 2016, the defendant appeared before United States Magistrate Judge Gregory J Kelly and pleaded guilty to Count One of the Indictment charging him with Receipt of Child Pornography in violation of Title 18 U.S.C. § 2252(a)(2)(B) and § 2252A(b)(1). Mr. Sheppard pleaded guilty pursuant to a plea agreement. Sentencing in this case is set for December 19, 2016.

II.

## SENTENCING OPTIONS AND GUIDELINE RANGE CALCULATION

### A.  Statutory Options with Regard to the Term of Imprisonment.

The offense Mr. Sheppard pleaded guilty to authorizes the imposition of a minimum sentence of 5 years and a maximum of 20 years.

### B.  USSG Advisory Guidelines Range Calculation.

The base offense level for Mr. Sheppard's offense is 22. With a 13-level increase for Specific Offense Characteristics and a 3-level reduction for acceptance of responsibility Mr. Sheppard's total offense level becomes 32.

With a total offense level of 32 and a criminal history category of I the applicable guideline range calls for a term of imprisonment of 121 months to 151 months.

## III.
## OBJECTIONS TO PRE-SENTENCE REPORT

Mr. Sheppard previously filed the following timely objections to the PSR:

1. Mr. Sheppard objects to paragraph 41 of the PSR which provides a two level enhancement for the use of a computer.  This provision of the guidelines has been almost universally condemned by all District Court Judges as it is virtually impossible in this day and age to commit this offense without a computer. It unfairly enhances the defendant's criminal activity and as a result should not be included in the guideline calculation.

2. Mr. Sheppard also objects to paragraph 79 of the PSR.  This information is irrelevant to the charges before the court and should not be included.

If Mr. Sheppard's objections are granted his advisory guideline range would be 97-121 months based on a Total Offense Level of 30 and a Criminal History Category of I.

## IV.
## REQUEST FOR A REASONABE SENTENCE

This court is required to impose a reasonable sentence in accordance with the requirements of 18 U.S.C. 3553(a). The court should consider the following factors:

1.      The nature and circumstances of the case;

2.      The need for the sentence imposed to:

   a.   Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   b.   Afford adequate deterrence to criminal conduct;

   c.   Protect the public from further crimes of the defendant;

   d.   Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3.      The kinds of sentences available;

4.      The advisory guideline range;

5.      The need to avoid unwarranted sentencing disparities among defendants with similar records;

6.      The need to provide restitution to any victim of the offense.

While Mr. Sheppard's misconduct was serious there are a number of mitigating factors that justify a variance in this case and the imposition of sentence below the guideline range.

First and foremost is the fact that Mr. Sheppard quickly pleaded guilty and took responsibility for his actions. He fully cooperated with law enforcement to provide details concerning his offense.

Second, the sentencing guidelines that apply Mr. Sheppard have been universally criticized as being too severe. That is why the applicable guidelines have been changed so that they can provide more just and appropriate sentences.

Third, there is the fact that Mr. Sheppard's crime did not involve any contact offenses.

Fourth, Mr. Sheppard has a supportive family network that will be able to describe to this court the good qualities he posses and the positive impact he has made on his family throughout the years.

For the reasons stated above Mr. Sheppard requests that this court grant his objections to the presentence report and impose a reasonable sentence which Mr. Sheppard asserts would be a term no greater than the mandatory minimum of five years of incarceration.

**WHEREFORE,** the undersigned respectfully requests that the court sustain his objections to the PSR and impose a reasonable sentence of five years.

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that this document was electronically filed today with the Clerk of the Court by using the CM/ECF system which will send electronic notice of this filling to all counsel of record.

> **CPLS, P.A.**
> Attorneys and Mediators
> 201 E. Pine Street, Suite 445
> Orlando, Florida 32801
> 407-647-7887/407-647-5396
> Attorney for Defendant
> CPLS File No. 2282-1

Dated: <u>December 13th, 2016</u>          <u>S/James W. Smith III   </u>
                                          James W. Smith III, Esq.
                                          Florida Bar No. 96438
                                          jsmith@cplspa.com
                                          Yadirah M Rodriguez, Esq.
                                          Florida Bar 0107746
                                          yrodriguez@cplspa.com